**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| PHILLIP BARKETT, JR., Individually and On Behalf of All Others Similarly Situated, | ) ) |
| | ) **08-CV-2495 (GEL) (DF)** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY, | ) ) |
| | ) |
| Defendants. | ) |

_____

**DECLARATION OF JOSEPH H. WEISS IN SUPPORT OF**
**MOTION OF PROPOSED LEAD PLAINTIFF HAROLD OBERKOTTER**
**FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

| | | |
|---|---|---|
| CITY OF TAYLOR EMPLOYEES RETIREMENT SYSTEM,  Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| | ) | **08-CV-2752 (GEL) (DF)** |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY, | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| HAROLD OBERKOTTER,  Individually and On Behalf of All Others Similarly Situated, | ) ) | |
| | ) | **08-CV-2901 (GEL) (DF)** |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY, | ) ) ) | |
| Defendants. | ) ) | |

JOSEPH H. WEISS, declares as follows:

1.      I am admitted to practice in New York and am a partner with the law firm of Weiss & Lurie, counsel for Harold Oberkotter, proposed Lead Plaintiff herein.  I submit this declaration in support of the Motion of Proposed Lead Plaintiff Harold Oberkotter for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.

2.      Attached hereto as Exhibit A is a copy of the notice published over Busines Wire on March 12, 2008.

1

3.      Attached hereto as Exhibit B are the certification and the accompanying loss chart estimating the damages suffered by Harold Oberkotter as a result of purchases of  Société Générale securities during the Class Period.

4.      Attached hereto as Exhibit C is a true and accurate copy of the firm biography of Weiss & Lurie.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of May, 2008, at New York, New York.

s/ Joseph H. Weiss
JOSEPH H. WEISS

# EXHIBIT A

Yahoo! My Yahoo! Mail  **Make Y! your home page**    Search: [                    ]    **Web Search**

**YAHOO!** FINANCE  **Sign In**   Finance Home - Help                    **BusinessWire**
New User? Sign Up

**Welcome [Sign In]**                    To track stocks & more, Register

**Financial News**

           Enter symbol(s)              Basic        Get   Symbol Lookup

**Press Release**                    Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

# Cohen, Milstein, Hausfeld & Toll, P.L.L.C. Files Class Action Lawsuit Against Societe Generale

Wednesday March 12, 7:17 pm ET

WASHINGTON--(BUSINESS WIRE)--The law firm Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has filed a lawsuit in the United States District Court for the Southern District of New York on behalf of all purchasers of American Depository Receipts ("ADRs") of Société Générale (SocGen) (OTC:SCGLY - News), traded on the over the counter market, and all U.S. purchasers of SocGen's shares on overseas exchanges, between August 1, 2005 and January 23, 2008, inclusive (the "Class Period").

The complaint charges that SocGen violated the Securities Exchange Act of 1934 by misleading investors regarding its activities and exposure in the subprime mortgage markets, and its lack of sufficient internal controls and failure to act on information it had regarding the highly irregular and unauthorized trades by its Delta One derivative trading desk, handled by junior trader Jerome Kerviel. The case also involves alleged insider trading by SocGen's top U.S. executive and board member, Robert A. Day. Specifically, the complaint charges that during the Class Period SocGen: (1) made false and misleading statements and concealed material adverse information regarding SocGen's exposure to subprime loans, collateralized debt obligations ("CDOs") and its internal controls; (2) touted SocGen's conservative management, risk control, and expertise in risk analysis and structured finance, including CDO vehicles; (3) misled investors by announcing that it had "very little exposure" to the subprime segment; and (4) ignored or failed to act upon numerous alerts which should have led to the uncovering of Jerome Kerviel's massive irregular trading activity from 2005 through early 2008.

The Complaint further alleges that the result of this fraudulent activity was that SocGen had to take write downs of close to $4 billion relating to the subprime market, and $7 billion in losses due to the highly risky and irregular trading by Kerviel, which caused a dramatic drop in share price and significant losses to investors.

If you are a member of the class, you may, no later than May 12, 2008, request that the Court appoint you as Lead Plaintiff of the class. Any member of the purported class may move the Court to serve as Lead Plaintiff through counsel of their choice or may choose to remain an absent class member.

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has significant experience in prosecuting investor class actions and actions involving securities fraud. The firm has offices in Washington, D.C., New York, Philadelphia, Chicago, San Francisco, and London, and is active in major litigation pending in federal and state courts throughout the nation. A copy of the Complaint can be found on the firm's website at www.cmht.com.

The firm's reputation for excellence has been recognized on repeated occasions by courts which have appointed the firm to lead positions in complex multi-district or consolidated litigation. Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has taken a lead role in numerous important cases on behalf of defrauded investors, and has been responsible for a number of outstanding recoveries which, in the aggregate, total in the billions of dollars.

If you have any questions about this notice or the action, or with regard to your rights, please contact either of the following:

*Contact:*

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll, Esq.
888-240-0775
202-408-4600
stoll@cmht.com
or
Jonathan Tucker
888-240-0775
202-408-4600
jtucker@cmht.com

Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT B

CERTIFICATION OF PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

HAROLD OBERKOTTER ("Plaintiff"), hereby certifies as follows:

1.      I have reviewed the complaint being filed on my behalf and on behalf of all others similarly situated and authorized its filing.

2.      I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3.      I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. *Any deposition to be in Vero Beach, Flori.*

4.      To the best of my current knowledge, I purchased the following ADRs of Société Générale during the class period referenced in the complaint:

| Date | Purchased or Sold | No. of ADRs | Price per ADR |
|------|-------------------|-------------|---------------|
| *See attached* | | | |

5.      I have not served as a class representative in a federal securities case in the last three years.

6.      I will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

7.      The matters stated in this certification are true to the best of my current knowledge, information and belief.

8.      I hereby certify, under penalty of perjury, that the foregoing is true and correct.

DATED:       March _18_, 2008

HAROLD OBERKOTTER

**Attachment**

| | | | |
|---|---|---|---|
| Purchase | 4/19/05 | 1,000 | |
| Purchase | 7/30/07 | 2,000 | $33.95 |
| Purchase | 8/15/07 | 300 | $30.90 |
| Purchase | 8/15/07 | 700 | $30.85 |
| Purchase | 1/16/08 | 1,000 | $28.35 |
| Purchase | 3/5/08 | 1,000 | $21.32 |
| Sell | 3/14/08 | 6,000 | $21.16 |

# SOCIETE GENERALE

**Movants Register and Transaction Report**

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| Oberkotter, Harold | 7/30/3007 | 2,000 | $ 33.95 | $ 67,900.00 | | | | | |
| | 8/15/2007 | 300 | $ 30.90 | $ 9,270.00 | | | | | |
| | 8/15/2007 | 700 | $ 30.85 | $ 21,595.00 | | | | | |
| | 1/16/2008 | 1,000 | $ 28.35 | $ 28,350.00 | | | | | |
| **TOTALS:** | | **4,000** | | **$ 127,115.00** | | | | | **$ (41,480.60)** |

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1) Common stock sold within the Class Period:
Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) Common stock still held:
Purchase price of Societe Generale common stock still held minus the mean trading price of Societe Generale common stock between 1/24/08 and 3/5/08 ($21.4086), the date Mr. Oberkotter purchased additional shares, multiplied by the number of shares held.

3) Common stock sold after the Class Period:
For shareholders who only sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

5) All losses have been calculated exclusive of costs, commissions and fees.

Page 1

# EXHIBIT C

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL. (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles.  In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties.  The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices.  The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In Brody v. U.S. West, et al., No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did.  Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In In re McLeodUSA Inc. Securities Litigation, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

WEISS & LURIE

In Ellison v. American Image Motor, et al., Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In In re Western Digital Securities Litigation, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In Georgallas v. Martin Color-Fi, Inc. Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In Bash v. Diagnostek, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In In re National Medical Enterprises Litigation, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

WEISS & LURIE

In In re Santa Fe Southern Pacific Corporation, Consold. Civ. No. 9523 (Del. Ch.), Chancellor

Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication

of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

## CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

*In re Bank of New York Derivative Litigation* (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

*In re FirstEnergy Shareholder Derivative Litigation* (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

*In re Vodafone Group, PLC Securities Litigation* (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

*In re Abbey Healthcare Securities Litigation* (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

*Feinberg v. Hibernia Corp.* (D. La.): A recovery of $20 million was obtained for the class.

*In re Southern Pacific Funding Corp. Sec. Litig.,* (D. Or.): A recovery of $19.5 million was obtained for the class.

*In re Aura Systems, Inc. Securities Litigation* (C.D. Cal.): A recovery of $18 million was obtained for the class.

*In re MK Rail Securities Litigation* (D. Idaho): A recovery of $14.65 million was obtained for the class.

*In re California Microwave Securities Litigation* (N.D. Cal.): A recovery of $14 million was obtained for the class.

*In re KeySpan Corporation Securities Litigation* (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

*In re Elscint Ltd Securities Litigation* (D. Mass.): A recovery of $12 million was obtained for the class.

*Bash v. Diagnostek* (D.N.M.): A recovery of $11.7 million was obtained for the class.

*In re Megafoods Securities Litigation* (D. Ariz.): A recovery of $12 million was obtained for the class.

*In re GTECH Securities Litigation* (D.R.I.): A recovery of $10.25 million was obtained for the class.

*In re Complete Management, Inc. Securities Litigation* (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

*Berlinsky v. Alcatel* (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

*Lopez v. Checkers Drive-In Restaurants, Inc.* (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

*In re Mesa Airlines Securities Litigation* (D.N.M.): A recovery of $8 million was obtained for the class.

*In re Resound Securities Litigation* (N.D. Cal.): A recovery of $8 million was obtained for the class.

4

WEISS & LURIE

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

**WEISS & LURIE**

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.):  A recovery of $2.1 million was obtained for class.

### CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

WEISS & LURIE

## BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is the Senior Partner of Weiss & Lurie. Mr. Weiss is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a principal and senior attorney in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York

7

WEISS & LURIE

State Bar in 1982. Mr. Balsam is also a member of the bars of the United States District Courts for the

Southern and Eastern Districts of New York and has been admitted to practice before various other state

and federal courts. He has participated in all aspects of numerous class action and shareholder derivative

cases.

**DAVID C. KATZ** is a principal and senior attorney in the New York office. He is a 1988

Graduate of Benjamin N. Cardozo School of Law. He is admitted to the New York State Bar and the

United States District Courts for the Southern and Eastern Districts of New York. He is experienced in

all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the

firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a principal and senior attorney in the New York office. He graduated

from Case Western Reserve University School of Law in May 1989, where he received an award for

excellence in Business Law. He received an LL.M in Corporate law from New York University in 1990.

Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitra-

tion," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes,"

North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects

on Shareholders and Legislators," American Business Law Association National Proceedings, August

1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of

Columbia and the United States District Courts for the Central, Southern and Northern Districts of

California.

**JAMES E. TULLMAN** is a principal and senior attorney in the New York office. He graduated

from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro

College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro

College, 1990-1991. Mr. Tullman is admitted to the state bars of Connecticut, New York, and California,

8

as well as the United States District Courts for the Southern and Eastern Districts of New York, the

Northern, Central and Southern Districts of California, and the United States Court of Appeal for the

Ninth and Third Circuit.

     **RICHARD A. ACOCELLI** is a principal and senior attorney in the New York Office. He

received his law degree in 1990 from St. John's University School of Law. He is admitted to the State

Bar of New York and the United States District Courts for the Southern and Eastern Districts of New

York and the Eastern District of Michigan.

     **JACK I. ZWICK** is a principal and senior attorney in the New York Office. He received his

law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State

Bar and the United States District Courts for the Southern and Eastern Districts of New York.

     **LEIGH A. PARKER** is a principal and senior attorney in the Los Angeles office. She

graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School

of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a

member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and

the United States District Courts for the Central, Northern, Southern and Eastern Districts of California,

as well as the Ninth Circuit Court of Appeals.

     **MARK D. SMILOW** is a principal and senior attorney in the New York office. He graduated

Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo

Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District

Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts

throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder,

derivative and consumer class actions in both trial and appellate courts.

     **ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University

of Southern California (B.A. 1991), and received his law degree from the University of California,

WEISS & LURIE

Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is an associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is an associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is an associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.